In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3723

ALEXIS VELJKOVIC and NICHOLAS DIMIC,

*Plaintiffs-Appellants*,

*v.*

CARLSON HOTELS, INC. and REZIDOR HOTEL GROUP AB,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 2894 — **Samuel Der-Yeghiayan**, *Judge*.

ARGUED APRIL 12, 2017 — DECIDED MAY 23, 2017

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. This suit is about a historic building in Belgrade, the capital of Serbia, called the Old Mill, and its architectural renovation and expansion in 2013 to become a Radisson Blu hotel. The lead plaintiff, Alexis Veljkovic, is a U.S. citizen of Serbian extraction who lives in Illinois. His co-plaintiff, Nicholas Dimic, is a Canadian at present living in Paris because he's a member of the Canadian diplomatic mission to France. The defendants are Carlson Hotels, Inc., a

Minnesota company, and Rezidor Hotel Group AB, a Swedish company whose principal place of business is Brussels. Rezidor is owned by Carlson Hotels, however—the two companies do business together under the name Carlson Rezidor Hotel Group; and so we'll treat both defendants as one and call it Carlson.

Although Carlson owns a hotel in Chicago, the entire subject of this suit is a property in Belgrade known as the "Old Mill" property. Built in 1902, the Old Mill is a historic steam mill that the plaintiffs claim belonged to their ancestors. It was confiscated by Tito shortly after he became the ruler of Yugoslavia (which contained Serbia, now an independent country, as are the other former Yugoslavian states—Bosnia and Herzegovina, Croatia, Macedonia, Montenegro, Kosovo, and Slovenia) in 1945. No compensation was paid the owners of the Old Mill when the government confiscated it. Indeed, Tito's government declared the plaintiff's ancestors enemies of the state for having produced beer for the occupying Nazis during World War II and helped terrorists elude capture (accusations disputed by the ancestors), and the new government sentenced those of the ancestors who were still living to hard labor.

The nationalized Old Mill remained in government possession until, during the rule of Slobodan Milosevic (president of Serbia from 1989 to 1997 and of Yugoslavia from 1997 to 2000), corrupt government bureaucrats sold the Old Mill to private land developers. Through various transfers, it ended up being owned by a firm in Belgrade named Prigan Holding.

In or around 2011, the plaintiffs allege, Carlson began planning with Prigan Holding to retrofit the Old Mill prop-

erty for a hotel. As a result of the retrofitting, the Old Mill became the site of a four-star, multi-million-dollar Radisson Blu Hotel complex that adds many modern elements to the Old Mill's industrial frame. See Graft, "Old Mill Hotel Belgrade," http://graftlab.com/portfolio_page/old-mill-hotel-belgrade/ (visited May 12, 2017). Carlson doesn't own the hotel or the property it sits on—Prigan Holding does—but Carlson is the licensor of the Radisson Blu brand, and a subsidiary of Carlson participates in the management of the hotel.

Since about 2000—ten years before the construction of the new hotel—the plaintiffs' families have been frantically endeavoring to recover their rights over the Old Mill. In 2009 the family secured a major victory when a Serbian court annulled the declaration of the Veljkovic family to have been enemies of the state, ruling that the convictions of the family members had been the result of "staged trials" designed to deprive them of their property. (We don't know whether members of the Dimic family, the co-plaintiff, have been similarly rehabilitated.)

The plaintiffs claim to be entitled not only to rights over the Old Mill but also to damages for the use of the property by Carlson and Prigan. The plaintiffs sued Carlson in federal district court in Illinois (basing jurisdiction on diversity of citizenship), charging Carlson with trespass, conversion, conspiracy, unjust enrichment, constructive trust, and violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. § 325D.44.

Early in the district court proceeding the defendants told the judge that they'd submit to the jurisdiction of the Serbian Restitution Agency (SRA), which they said was empowered by a 2011 Serbian law called the "Law on Property Restitu-

tion and Compensation" (Restitution Act for short) to de‐
termine the plaintiffs' rights in the Old Mill property, includ‐
ing improvements, notably the hotel. The district judge, con‐
cluding that Serbia was a more appropriate site for the litiga‐
tion than Chicago, dismissed the suit on the ground of *forum
non conveniens*. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235,
257 (1981). He noted that Carlson had consented to the
SRA's exercising jurisdiction over its dispute with the plain‐
tiffs and had even agreed not to challenge any determination
by the SRA that might be adverse to Carlson. The judge fur‐
ther noted that given the location of the hotel at issue in the
case (Belgrade), Serbian law was bound to play a large (in‐
deed the dominant) role in the adjudication and is not a
body of law with which American lawyers and judges are
familiar.

The plaintiffs appeal, arguing that their "family interest"
in the Old Mill entitles them to sue for damages to or
restoration of the property. And it's true that their ancestors
were treated unjustly by the governments of Tito and
Milosevic. But the plaintiffs have produced no documentary
evidence that they have inherited the land, and as we said in
*In re African-American Slave Descendants Litigation*, 471 F.3d
754, 759 (7th Cir. 2006), "When a person is wronged he can
seek redress, and if he wins, his descendants may benefit,
but the wrong to the ancestor is not a wrong to the
descendants. For if it were, … a person whose ancestor had
been wronged a thousand years ago could sue on the
ground that it was a continuing wrong and he is one of the
victims."

The plaintiffs are not seeking damages for old wrongs
against their ancestors, however, but just for wrongs done to

them, the plaintiffs, after 2009, the date of the Serbian court judgment that rehabilitated Veljkovic's ancestors. They allege that Carlson, knowing the family was on the brink of recovering the Old Mill, colluded with Prigan Holding to frustrate their efforts. But this is a dispute more appropriately addressed by the Serbian Restitution Agency than by the federal district court in Chicago. Although one plaintiff, Veljkovic, is an American citizen and a resident of Illinois (the other being a citizen of Canada but a resident of Paris), no aspect of the plaintiffs' dispute with the defendants has any relation to Illinois. Carlson is a Minnesota resident that maintains hotels in Illinois (one in Chicago, as we noted earlier) but nothing connected to this lawsuit, and its subsidiary Rezidor, the other defendant, is a Swedish company that also has no presence in Illinois. See *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

As for the alternative decider of the dispute between the parties—the SRA—it's true it's not a court; but nonjudicial modes of dispute resolution are common, and proper if adequate, as they often are, see, e.g., *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001), and no reason has been given us to doubt the adequacy of the SRA—an agency created to make reparations to persons (and their successors) whose land had been confiscated by Tito. The plaintiffs argue that the SRA lacks jurisdiction over Carlson, but the Restitution Act defines a party as anyone "with a legal interest." They further complain that the SRA's remedies are so meager as to amount to "no remedy at all," but the Act authorizes the SRA to give money reparations in the form of Serbian bonds, to return commercial buildings, or to supervise profit-sharing arrangements as appropriate. Those are substantial remedies.

The judgment of the district court is

AFFIRMED.